

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LYONA DAVIS, | Case No. CV 08-3902-ODW (MLG) |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |
| v. | |
| CITY OF LONG BEACH, et al., | |
| Defendants. | |

This matter is before the court on Plaintiff's Motion for Reinstatement of Case, filed on May 26, 2009, which the Court shall construe as a Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60(b). The challenged judgment, entered December 22, 2008, dismissed Plaintiff's claims as to all defendants with prejudice, based upon the finding that Plaintiff had failed to state a cause of action as to any claim and had failed to timely amend the complaint, having been given the opportunity to do so. The facts of the case were thoroughly presented and discussed in the Report and Recommendation of the United States Magistrate Judge filed on September 3, 2008, and will not be repeated here. However those findings of fact and conclusions of law are adopted by reference in

this Order.

Pursuant to Rule 60(b), the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for a variety of reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied released or discharged; and (6) "any other reason justifying relief from the operation of the judgment". *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004). Relief under Rule 60(b)(6) is only available only in extraordinary circumstances. *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2649 (2005). It is used only "sparingly and as an equitable remedy to prevent manifest injustice." *Hamilton*, 374 F.3d at 825.

In granting Defendants' motion to dismiss, the Court found that Plaintiff had failed to state a viable Constitutional claim against any of the Defendants. Plaintiff now contends that relief from judgment is warranted because she was out of state between October 10, 2008 and March 31, 2009 and did not get notice of the Court's decision.

This claim is meritless. The Report and Recommendation was issued on September 3, 2008, before Plaintiff allegedly left the state, and was neither returned to the Court nor responded to. Moreover, L.R. 41-6 requires that a party appearing *pro se* keep the court informed of any change of address. Even if Plaintiff did not receive notice of the dismissal, this was the result of her failure to follow the local rules. Relief from the judgment is not warranted on this basis.

Moreover, Plaintiff has not demonstrated any other basis which would warrant relief under Rule 60(b). She has simply rehashed the

arguments previously made in her pleadings, all of which were rejected on the merits. As Plaintiff has failed to make out an entitlement to relief under Rule 60(b), the Motion for Relief from Judgment is DENIED.

    IT IS SO ORDERED.

Dated: June 1, 2009

_____
Otis D. Wright, II
United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge